IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CRAIG MOSKOWITZ, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SECOR DOMESTICS, LLC AND SECOR AUTO CENTER, INC.,<br><br>    Defendants. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Craig Moskowitz ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief against Secor Domestics, LLC ("Secor Domestics") and Secor Auto Center, Inc., (" Secor Auto", and collectively the "Defendants") regarding Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to stop Defendants' practice of making unsolicited robocalls using a pre-recorded voice to the telephones of consumers nationwide, and to obtain redress for all persons injured by Defendants' conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. On or about March 20, 2020, Defendants placed a pre-recorded robocall to Plaintiff's landline telephone.

2. Defendants left a pre-recorded message on Plaintiff's voicemail system.

3. The following is a transcript of the voicemail that was left in Plaintiff's voicemail box:

> Hello, I'm calling on behalf of Secor Chrysler Dodge Jeep. Our records show that you may have missed routine maintenance that is recommended for your vehicle. Proper maintenance of your vehicle is recommended by your manufacturer to ensure performance and longevity. If we can answer any questions regarding your vehicle's maintenance needs, please contact us at 860-442-9243. Thanks very much and have a great day.

4. Plaintiff never provided consent to be called by Defendants using a pre-recorded voice.

5. Plaintiff has been registered with the national do-not-call registry since January 17, 2010.

6. The unlawful calls placed to Plaintiff are part of Defendants' pattern or practice of calling consumers on their landline and cellular telephones using a pre-recorded voice who have no direct relationship with Defendants and who are not the proper subjects of the calls.

7. Defendants conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Defendants' campaign of unlawful conduct also includes the use of an artificial and prerecorded voice.

8. By making these automated and autodialed calls, Defendants caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

9. Moreover, a number of the calls, including the call to Plaintiff, were made while Plaintiff and other members of the Classes were at home, thus intruding upon the sanctity and privacy of their homes.

10. Upon information and belief, Defendants have made and continues to make similar calls to consumers without prior authorized consent. In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also repeatedly violated the TCPA.

11. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff files the instant lawsuit on behalf of himself and the putative Classes and seeks an injunction requiring Defendants to cease its TCPA violations, adequately ensure that they are only calling numbers that are in fact associated with persons from whom it has received prior express consent, and pay statutory damages to the members of the Classes under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## **PARTIES**

12. Plaintiff Craig Moskowitz is, and at all times mentioned herein was, a resident of Fairfield County, Connecticut, and a citizen of the State of Connecticut.

13. Defendant Secor Domestics is an automotive dealership. Secor Domestics is organized and incorporated under the laws of Connecticut and maintains, and at all times mentioned herein maintained, its corporate headquarters at 409 Broad St., New London, CT 06320-2517. Secor Domestics is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant Secor Auto is an automotive dealership. Secor Auto is organized and incorporated under the laws of Connecticut and maintains, and at all times mentioned herein

maintained, its corporate headquarters at 409 Broad St., New London, CT 06320-2517. Secor Auto is a "person" as defined by 47 U.S.C. § 153(39)

15. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

16. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

17. This Court has personal jurisdiction over Defendants because Defendants have their principal place of business in this District.

18. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and all other persons similarly situated.

20. Plaintiff proposes the following "Robocall Class" definition, subject to amendment as appropriate:

> "All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated."

4

21. Plaintiff also proposes the following "Do Not Call Registry Class" definition:

"All persons in the United States who from four years prior to the filing of this action (1) were sent a prerecorded message by or on behalf of Defendants; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendants' products and services; and (5) for whom Defendants claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendants claim they supposedly obtained prior express written consent to call the Plaintiff."

22. Collectively, the Robocall Class and the Do Not Call Registry Class shall be known as the "Classes."

23. Plaintiff represents, and is a member of, these proposed Classes. Excluded from the Classes are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

24. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendants' business, that the Classes are so numerous that individual joinder would be impracticable.

25. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing calls, wasted time spent answering these calls, and violations of their statutory rights.

26. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a plethora of identical suits.

27. The proposed Classes can be easily identified through records maintained by Defendants.

28. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendants made calls to Plaintiff and the Classes using an ATDS and/or an artificial or prerecorded call without their prior express written consent;

   b. Whether Defendants' conduct was knowing and/or willful;

   c. Whether Defendants are liable for damages, and the amount of such damages; and

   d. Whether Defendants should be enjoined from engaging in such conduct in the future.

29. **Typicality.** Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received calls on their cellular or landline telephones and were not the intended recipient of those calls, nor did they consent to those calls.

30. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes, and he has no interests which are antagonistic to any member of the proposed Classes.

31. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

32. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendants to comply with the TCPA.

33. The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendants are small because the statutory damages in an individual action for violation of the TCPA are relatively small.

34. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because members of the Classes, by definition, did not provide the prior express written consent required under the statute to authorize calls to their cellular or landline telephones.

35. Defendants have acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

36. Moreover, upon information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,**
**47 U.S.C. § 227,** *et seq.*

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

38. Plaintiff brings this claim against Defendants on behalf of himself, and members of the Classes.

39. Defendants made numerous unauthorized calls to Plaintiff's residential phone using an artificial or pre-recorded voice and/or an ATDS without prior express consent.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA.

41. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq*., and 47 C.F.R. §64.1200, *et seq.,* Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

43. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

45. Plaintiff brings this claim against Defendants on behalf of himself, and members of the Classes.

46. The foregoing acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA.

47. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq*. and 47 C.F.R. §64.1200, *et seq.*, Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C).

48. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

49.     Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, et seq.

50.     Plaintiff brings this claim against Defendants on behalf of himself, and members of the Do Not Call Registry Class.

51.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

52.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

53.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

54.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

55. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

56. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

57. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

c. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes treble damages,

as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

d.   An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e.   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

f.   Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated:  June 3, 2020                                  Respectfully submitted by:

**REARDON SCANLON LLP**

*/s/ James J. Reardon, Jr.*
James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile: (860) 920-5242
Email:  james.reardon@reardonscanlon.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese *(pro hac vice to be filed)*
Philip L. Fraietta *(pro hac vice to be filed)*
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  jmarchese@bursor.com
Email: pfraietta@bursor.com

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq. *(pro hac vice to be filed)*
Florida Bar No. 101754
ashamis@shamisgentile.com

14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. *(pro hac vice to be filed)*
Florida Bar No. 0100537
Email: scott@edelsberglaw.com
Aaron M. Ahlzadeh, Esq. *(pro hac vice to be filed)*
Florida Bar No. 0111329
Email: aaron@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

*Attorneys for Plaintiff and the Proposed Class*